**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

Marla Brown,
**Plaintiff,**

COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF, AND
OTHER RELIEF

v.

Civil Action No.:_____

Capital One Financial Corporation, N.A.,
**Defendant,**

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER RELIEF
(JURY TRIAL DEMANDED)**

**I. NATURE OF THE ACTION**

1. This action arises from a consumer credit transaction between Plaintiff Marla Brown ("Plaintiff") and Defendant Capital One Financial Corporation, N.A. ("Capital One"), in which Capital One asserted the existence of a legally enforceable consumer obligation while refusing to provide transparent accounting, material disclosures, or substantiation sufficient to establish that any such obligation exists as a matter of law.
2. Plaintiff does not merely dispute the accuracy of reported information. Plaintiff challenges the legal sufficiency, disclosure, accounting, and enforceability of the alleged obligation itself, including whether the transaction involved valid consideration, mutuality of obligation, and good-faith performance.
3. Plaintiff alleges that Capital One structured the consumer credit transaction so that Plaintiff's alleged promise to repay was fixed, enforceable, and continuously reported, while Capital One's own performance, if any was discretionary, conditional, and terminable at will. Plaintiff alleges that such a structure raises substantial questions under basic principles of contract law, including whether Capital One's alleged promise constitutes an illusory promise under Restatement (Second) of Contracts §77.
4. Plaintiff further alleges that Capital One has engaged in inaccurate and misleading credit reporting by furnishing information to consumer reporting agencies without the ability or willingness to demonstrate the existence, ownership, accounting, or enforceability of the alleged obligation, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
5. Plaintiff further alleges that Capital One has engaged in inaccurate and misleading credit reporting by furnishing information to consumer reporting agencies without the ability or willingness to demonstrate the existence, ownership, accounting, or

enforceability of the alleged obligation, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
6. Plaintiff seeks declaratory relief, injunctive relief, statutory damages, actual damages, and all other relief necessary to correct the record, compel accounting, and prevent ongoing and future harm.

## II. JURISDICTION AND VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in this District, the consumer credit transaction was directed to Plaintiff in this District, the injury was suffered in this District, and Capital One regularly conducts business in this District.
8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law, including the FCRA 15 U.S.C. §1681p and the Truth In Lending Act (TILA).

## III. PARTIES

9. Plaintiff, Marla Brown, a living people, residing in New York, acting sui juris, and is the consumer involved in the credit transactions at issue.
10. Defendant, Capital One Financial Corporation, N.A., a national banking and financial services corporation headquartered at 1680 Capital One Drive, McLean, VA 22102-3491 and at all relevant times acted as an alleged creditor, beneficiary of Plaintiff's accounts, furnisher of information, and servicer within the meaning of the FCRA and TILA.

## IV. FACTUAL ALLEGATIONS

The consumer credit transactions at issue include, but are not limited to:
- Capital One QuicksilverOne Credit Account, ending in 8733
- Capital One Checking Account: [Number Redacted]
- Closed, Capital One Savings Account: [Number Redacted]
- Capital One Auto Loan Applications: 247935230 & 29148454

11. Plaintiff entered into one or more consumer credit transactions with Capital One, including a revolving consumer credit account commonly identified as a Capital One QuicksilverOne account ending in 8733, as well as related deposit and application activity.
12. Through Plaintiff's participation in the above referenced consumer credit transactions, Capital One represented and reported the existence of balances, receivables, and repayment obligations allegedly owed by Plaintiff, without providing accounting or disclosure sufficient to establish their legal enforceability.

13. Capital One collapsed the legal distinction between a promise to pay and a legally enforceable obligation, reporting the former as the latter without substantiating the existence of any enforceable duty.
14. Capital One has failed to identify or disclose any transfer of value to Plaintiff in exchange for Plaintiff's alleged promise to pay, and instead relies solely on the operation of internal accounting, reporting, and collection systems, which benefit Capital One and do not supply the mutual or reciprocal consideration necessary to support an enforceable obligation.
15. Plaintiff repeatedly requested clarification and accounting regarding the nature of the alleged obligation, including but not limited to:
    a. How the alleged balance was created;
    b. Whether any receivable was retained, transferred, or monetized;
    c. Whether Capital One presently owns any enforceable interest in the alleged obligation;
    d. How Plaintiff's payments and performance were applied.
16. Capital One failed and refused to provide a complete accounting or transparent explanation sufficient to verify the existence of a legally enforceable obligation.
17. Absent proof of reciprocal consideration and lawful accounting, Capital One's continued assertion that a balance is owed constitutes a material misrepresentation of legal obligation rather than the enforcement of a valid debt. Without such accounting and disclosure, Capital One cannot lawfully assert that any balance is owed as a matter of law.
18. Capital One's purported consideration within the consumer credit transaction was conditional and discretionary in nature, such that Capital One retained the unilateral ability to withhold performance, terminate the account, or refuse continued extension of credit, while Plaintiff's alleged promise to pay was treated as fixed and enforceable.
19. Capital One's gratuitously retained discretion, including the termination of the account, refusing continued performance, and continue assertion and reporting alleged balances following termination, raises substantial questions as to whether Capital One's consideration constituted a real commitment or merely a conditional or optional undertaking.
20. Under Restatement Second of Contracts §77, a promise may be illusory where performance is optional or entirely within the promisor's control. Plaintiff alleges that the structure of the transaction, as implemented, lacked mutuality of obligation and failed to provide reciprocal, enforceable commitments sufficient to support enforcement of the alleged obligation.
21. Plaintiff does not ask this Court to presume facts not in evidence, but instead seeks a determination, based on discovery and proof, as to whether Capital One can demonstrate that its alleged promises were not illusory and that valid consideration exists to support the obligation it asserts.
22. On or about June 12, 2025, Capital One unilaterally closed the Plaintiff's credit account, citing Plaintiff's requests for clarification and inquiry into the nature of the transaction as outside what it characterized as typical consumer inquiries.

23. Following account closure, Capital One continued to assess interest and fees, furnish information concerning the alleged obligation to consumer reporting agencies, and represent the obligation as valid and enforceable.
24. Defendant continued to report and assert an alleged obligation following account termination, without providing accounting, disclosure, or substantiation of enforceability. These actions were taken without legal or equitable justification. Constituting misrepresentation, inaccurate reporting, and bad faith conduct rendering the information furnished inaccurate and misleading.
25. Capital One furnished information concerning Plaintiff to consumer reporting agencies.
26. Plaintiff alleges that the information furnished by the defendant is inaccurate and misleading because the defendant, Capital One, failed to substantiate the existence, ownership, accounting, and enforceability of the alleged obligation.
27. As a direct result of Defendant's conduct, Plaintiff suffered:
    • A credit score reduction of approximately 265 points;
    • Denial or unfavorable terms for personal, family, and household needs;
    • Emotional distress, reputational harm, and anxiety;
    • Financial losses including mailing, document preparation, and credit monitoring costs.
28. Capital One's furnishing of such information created the false impression of a valid and legally enforceable debt despite unresolved questions concerning consideration, disclosure, and enforceability.
29. Capital One received notice of dispute from one or more consumer reporting agencies pursuant to 15 U.S.C. §1681i(a), thereby triggering its duties under 15 U.S.C. §1681s-2(b).
30. Capital One failed to disclose material terms of the consumer credit transaction, including the nature of the obligation asserted, the conditions under which performance could be withheld or terminated, and the basis upon which balances were calculated and assessed.
31. Plaintiff alleges that such failures deprived her of meaningful disclosure required by the Truth in Lending Act and frustrated TILA's purpose of enabling informed use of credit.
32. An actual and justiciable controversy exists as to whether Capital One may lawfully assert and report a legally enforceable obligation against Plaintiff.
33. Plaintiff seeks declaratory relief that Capital One's assertions and reporting are inaccurate and misleading absent proof of enforceability, and injunctive relief requiring correction of records and cessation of further reporting unless and until such proof is produced.
34. Plaintiff retains equitable interest and beneficial ownership of all value originating from her performance in the above referenced consumer credit transactions.
35. Capital One's conduct in furnishing information, assessing fees, and terminating Plaintiff's account(s) without substantiation or disclosure materially impaired Plaintiff's financial standing and procedural rights. Plaintiff seeks equitable and injunctive relief to halt further harm and require corrective action.

## V. CLAIMS FOR RELIEF

### COUNT I – Willful Violation of the Fair Credit Reporting Act (15 U.S.C. §1681n)

36. Plaintiff incorporates by reference all preceding paragraphs.
37. Defendant, Capital One, willfully furnished information to consumer reporting agencies concerning Plaintiff that was inaccurate, misleading, and unsubstantiated, in violation of 15 U.S.C. §1681e(b) & §1681i.
38. Capital One willfully failed to conduct reasonable investigations into the accuracy, accounting, and legal sufficiency of the information furnished, despite knowledge of Plaintiff's consumer credit transactions and equitable contributions.
39. Capital One acted with reckless disregard for Plaintiff's rights under the FCRA, including her right to accurate and substantiated reporting. These violations caused statutory, actual, and irreparable harm, as well as financial and emotional injury.

### COUNT II – Negligent Violation of FCRA (15 U.S.C. §1681o)

40. Plaintiff incorporates by reference all preceding paragraphs.
41. In the alternative, Capital One negligently failed to comply with its duties under the FCRA, including its obligation to verify, investigate, and correct reporting, causing actual economic and reputational damages to Plaintiff.

### COUNT III – Violation of TILA (15 U.S.C. §1601 et seq.)

42. Plaintiff incorporates by reference all preceding paragraphs.
43. Capital One's continued failure to disclose material facts of the consumer credit transaction(s), including the nature and enforceability of any alleged obligation, the treatment of account receivables, and the economic reality of Plaintiff's contribution to the transaction.
44. By failing to disclose material terms of the consumer credit transaction, including securitization practices and accounting of Plaintiff's contributed value, Defendant deprived Plaintiff of meaningful information necessary to make informed decisions, causing economic and reputational harm in violation of the purposes of TILA.

### COUNT IV – Contract Law/ Valuable Consideration

45. Plaintiff's alleges her contributions constitute actual value; Capital One's promises and account ledger entries are illusory and nonreciprocal.
46. Defendant received the benefit of Plaintiff's performance without giving measurable or enforceable value in return, failing to satisfy the requirements of legally binding consideration (Restatement §71).
47. Plaintiff suffered harm due to this gratuitous contractual relationship, including misappropriation of value and procedural misrepresentation.

### COUNT V – Equitable Relief / Economic Exploitation

48. Defendant's conduct constitutes coercive extraction of value, economic exploitation, and misrepresentation of rights.
49. Plaintiff seeks:
- Declaratory judgment of rights;
- Permanent injunction requiring correction of records, cessation of adverse reporting, and full accounting of value, transfers, and beneficiaries;
- Recognition of Plaintiff's equitable interest in all accounts.

## VI. DAMAGES AND RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

- Declare that Capital One's reporting and assertions of any alleged obligation are inaccurate, misleading, and unenforceable absent substantiation and accounting;
- Enjoin Capital One from furnishing such inaccurate or misleading information to any consumer reporting agency;
- Compel full accounting, disclosure, and documentation of any claimed obligations, balances, or benefits retained by Capital One;
- Award statutory damages under FCRA;
- Award actual damages for economic, reputational & financial harm, including emotional harm;
- Award punitive damages for willful misconduct;
- Award attorney's fees, costs, and expenses;
- Grant such further relief as the Court deems just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
/s/ Marla Brown
Sui Juris
All Rights Reserved – UCC 1-308

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maria Brown

### DEFENDANTS
CAPITAL ONE FINANCIAL CORPORATION, N.A

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | LABOR | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / [x] 371 Truth in Lending |  |  | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | FEDERAL TAX SUITS |  | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | 870 Taxes (U.S. Plaintiff or Defendant) |  | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 871 IRS—Third Party 26 USC 7609 |  | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | IMMIGRATION |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 462 Naturalization Application |  |  |
|  | 555 Prison Condition | 465 Other Immigration Actions |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act 15 USC §1681, §1601 et seq

Brief description of cause:
Defendant's willful and negligent furnishing & failure to provide material disclosures

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

---

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

* Please respond to Part F on Page 2

**PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO**

Brown, Marla
c/o 5241 Center Blvd, 702
Long Island City, Republic of New York (11101)

Acknowledge this declaration that the above mentioned domicile is established within the Republic of New York and outside the administrative and statutory jurisdiction of the United States government and its political subdivisions. All notices, service, and communications should be directed to the domicile location as indicated herein.

**Case No.:**

Date: February 2, 2026

Clerk of the Court
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

Re: Marla Brown v. CAPITAL ONE, et al.

Dear Clerk of Court,

Please be advised that a mailing location was not included in the original filing, I respectfully request that the Court update the docket and all future correspondence be sent via electronic mail and to the above domicile location.

Thank you for your attention to this matter. I request confirmation of receipt at your earliest convenience.

Respectfully submitted,

/s/ Brown, Marla
Sui Juris
ALL RIGHTS RESERVED
UCC 1-308
Email: marlathebeneficiary@yahoo.com



9589 0710 5270 2323 2137 37

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 10 2026 ★

BROOKLYN OFFICE

First Class U.S. Mail
Statutory Non-Domestic Fully Pre-Paid
12 Stat. at Large Ch. 71, Sec. 23
Federal Offense to affix additional Postage
18 USC 1726 ["without the United States"]

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EDNY
225 CADMAN PLAZA
BROOKLYN, NY 11201